PKC:MKB/DAS/HJ
F.#2010R00212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH YANNAI,

        Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 8, U.S.C., §§
1324(a)(1)(A)(iv),
1324(a)(1)(B)(ii), 1324(b),
1324a(a)(1)(A) and
1324a(f)(1); T. 18, U.S.C.,
§§ 982(a)(6), 982(b),
1351, 1589(a), 1589(d),
1594(a), 1594(d), 2422(a),
2428(a) and 3551 et
seq.; T. 21, U.S.C., §
853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Defendant

1. The defendant JOSEPH YANNAI ("YANNAI") resided with his wife at their home located at 309 Salem Road, Pound Ridge, New York ("the Yannai Residence").

### The Defendant's Scheme To Lure Young Women To The United States And Sexually Abuse Them

2. Between approximately 2003 and 2009, YANNAI engaged in a scheme, using lies, intimidation and manipulation, to induce young women, mostly between the ages of 18 and 25, to travel to the United States from abroad so that he could sexually abuse them. As part of this scheme:

a.  YANNAI contacted young women throughout the world, using websites designed to match women seeking work as an au pair with families in the United States.

b.  YANNAI often posed as a woman named "Joanna," who was purportedly working for YANNAI, in his email correspondence with the women he found on the au pair websites.

c.  YANNAI, either as himself or posing as "Joanna," stated in his emails to the women he found on the au pair websites that he and his wife had no children, and were not looking for a traditional au pair. Instead, YANNAI held himself out as a businessman who was involved in publishing books in the hospitality industry, and claimed to be looking for an assistant to, among other things, prepare meals for YANNAI and his wife, clean the Yannai Residence and accompany YANNAI on business trips.

d.  YANNAI selected women based upon their photographs and willingness to live at the Yannai Residence.

e.  YANNAI convinced women to travel to the United States from abroad to work for him at the Yannai Residence. YANNAI instructed the women to travel to the United States on tourist visas, and to falsely tell immigration authorities that they were visiting YANNAI for a short time. Most of the women traveled to the United States using John F. Kennedy International Airport ("JFK").

        f.    YANNAI generally had one or two women living at the Yannai Residence at one time.

<u>The Defendant's Sexual Abuse Of The Women</u>

        3.    Shortly after the women arrived, YANNAI attempted to kiss, grope and fondle them.  YANNAI also pressured the women to be present in the bathroom while YANNAI bathed, and to lie in bed with YANNAI while he took a nap.

        4.    YANNAI controlled all aspects of the women's lives, including limiting their contacts with the outside world, monitoring their telephone calls and forbidding them from wearing bras while they were working.

        5.    YANNAI sexually assaulted some of the women, and also made threats of violence to some of the women, causing them to fear for their safety.

COUNT ONE
(Mann Act -- Coercion and Enticement)

        6.    The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

        7.    In or about and between July 2005 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce, one or more individuals to travel in interstate and foreign commerce

to engage in sexual activity for which a person can be charged with a criminal offense, to wit: forcible touching, in violation of Section 130.52 of the New York State Penal Law, sexual abuse in the third degree, in violation of Section 130.55 of the New York State Penal Law, and criminal sexual act in the first degree, in violation of Section 130.50 of the New York State Penal Law.

(Title 18, United States Code, Sections 2422(a) and 3551 et seq.)

## COUNT TWO
(Attempted Forced Labor)

8. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between January 2003 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally attempt to obtain the labor and services of one or more persons by means of, and by a combination of means of, (a) force and threats of force to the person and another person, (b) serious harm and threats of serious harm to the person and another person, (c) the abuse and threatened abuse of law and legal process, and (d) a scheme, plan and pattern intended to cause the person to believe that if that person did not perform such labor and services, that person and

4

another person would suffer serious harm, all in violation of Title 18, United States Code, Section 1589, which violation included aggravated sexual abuse.

(Title 18, United States Code, Sections 1594(a), 1589(d) and 3551 et seq.)

## COUNT THREE
(Forced Labor)

10. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2003 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally obtain the labor and services of one or more persons by means of, and by a combination of means of, (a) force and threats of force to the person and another person, (b) serious harm and threats of serious harm to the person and another person, (c) the abuse and threatened abuse of law and legal process, and (d) a scheme, plan and pattern intended to cause the person to believe that if that person did not perform such labor and services, that person and another person would suffer serious harm, which violation included aggravated sexual abuse.

(Title 18, United States Code, Sections 1589(a), 1589(d) and 3551 et seq.)

another person would suffer serious harm, all in violation of Title 18, United States Code, Section 1589, which violation included aggravated sexual abuse.

(Title 18, United States Code, Sections 1594(a), 1589(d) and 3551 et seq.)

## COUNT THREE
(Forced Labor)

10. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2003 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally obtain the labor and services of one or more persons by means of, and by a combination of means of, (a) force and threats of force to the person and another person, (b) serious harm and threats of serious harm to the person and another person, (c) the abuse and threatened abuse of law and legal process, and (d) a scheme, plan and pattern intended to cause the person to believe that if that person did not perform such labor and services, that person and another person would suffer serious harm, which violation included aggravated sexual abuse.

(Title 18, United States Code, Sections 1589(a), 1589(d) and 3551 et seq.)

## COUNT FOUR
(Fraud in Foreign Labor Contracting)

12. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between December 2008 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and with intent to defraud recruit, solicit and hire one or more persons outside the United States for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment.

(Title 18, United States Code, Sections 1351 and 3551 et seq.)

## COUNT FIVE
(Inducement of an Alien to Illegally
Enter and Reside in the United States)

14. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between July 2005 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally encourage and induce one or more aliens to come to, enter and reside in the United States, knowing

6

and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
(Unlawful Employment of Aliens)

16. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between July 2005 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH YANNAI did knowingly and intentionally hire for employment in the United States one or more aliens knowing that such aliens were unauthorized aliens, as defined in Title 8, United States Code, Section 1324a(h)(3), to wit: aliens who were not lawfully admitted for permanent residence and not authorized to be employed in the United States, with respect to such employment, and did engage in a pattern and practice of such hiring.

(Title 8, United States Code, Sections 1324a(a)(1)(A) and 1324a(f)(1); Title 18, United States Code, Sections 3551 et seq.)

7

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND THREE

18. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses, including but not limited to: any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 309 Salem Road, Pound Ridge, New York.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

8

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS FIVE AND SIX

20. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Five and Six, the government, in accordance with Title 18, United States Code, Section 982(a)(6) and Title 8, United States Code, Section 1324(b), will seek forfeiture of: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offenses; (b) any property real or personal (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, or (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offenses; and (c) the gross proceeds of such offenses, including but not limited to: any and all right, title and interest in the real property and appurtenances, improvements, fixtures,

attachments and easements known as 309 Salem Road, Pound Ridge, New York.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of

the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Sections 982(a)(6) and 982(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK