

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JFM:DAS
F.# 2010R00212

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 27, 2010

**BY HAND, FACSIMILE & ECF**

The Honorable Joan M. Azrack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Joseph Yannai
             Criminal Docket No. 10-594 (ERK)

Dear Judge Azrack:

      The government respectfully submits this letter in connection with the detention hearing of the above-captioned defendant, scheduled for 2:00 p.m. today. By way of background, the defendant was arrested on August 3, 2010 based on an indictment charging him with sex trafficking, forced labor and other offenses. When law enforcement authorities arrived at the defendant's home to arrest him, he attempted to commit suicide by swallowing a large quantity of sleeping pills. As a result, the defendant was hospitalized for two days. While at the hospital, the defendant told hospital staff that he had known for several months that he was under investigation by federal authorities, and planned to overdose whenever federal agents came to arrest him. The defendant further stated that he would rather die than go to jail, and planned to attempt suicide again rather than face the ongoing prospect of imprisonment.[1]

      After being discharged from the hospital, the defendant sought his release on a bond secured by his home in Pound Ridge, New York ("the Pound Ridge Home"). The government opposed the defendant's application on the grounds of risk of flight, particularly in light of the defendant's suicide attempt.

---

[1] The above-described facts are based upon the defendant's testimony during the detention hearing held on August 11, 2010.

Moreover, the government noted that the Pound Ridge Home was inappropriate collateral in any event, as the indictment includes two criminal forfeiture allegations providing for forfeiture of the Pound Ridge Home upon conviction.  Under these circumstances, the government argued that the Pound Ridge Home provides insufficient moral suasion to ensure the defendant's appearance in court, as the defendant knows that he will lose the home if convicted..

On August 11, 2010, the Honorable James Orenstein conducted a detention hearing, wherein the defendant and his wife testified.  At the conclusion of the hearing Judge Orenstein found that "Mr. Yannai attempted suicide precisely because of the pendency of the federal charges and because of his view that he would be convicted and sentenced to significant jail time.  And that he was unwilling to face that possibility rather than kill himself."  Transcript of Proceedings, 11, 2010, attached hereto as Exhibit A, at 89.[2]

Judge Orenstein noted that he had "some strong reservations about the completeness and accuracy of the testimony [he] heard from Mr. Yannai" and "I agree that there is a strong incentive for Mr. Yannai to flee and believe that given the opportunity he might well act on that motivation and make an attempt to flee."  Ex. A, at 88-89.  Nonetheless, despite "very strong reservations," the Court granted Yannai's request to set conditions of release.

Nonetheless, Judge Orenstein explicitly rejected the defendant's proposal to post the Pound Ridge home as collateral:

> The bail package that has been proposed including the defendant's home is not sufficient.  I think that is insufficient to provide an incentive for the defendant to return to court if he believes as I think he may well believe at this point, that there's a significant risk that he will be convicted and the home will be forfeited.

Ex. A, at 90; see also, 92-95.

---

[2]Prior to the detention hearing, the government submitted two detention letters to the Court.  Copies of these letters have been provided to the Court under separate cover.

2

Judge Orenstein therefore set bail in the amount of $500,000, on the condition that the bond be signed by one additional surety who would secure the bond with property having equity in the amount of $500,000. Ex. A 105-06. The surety must be someone other than the defendant's wife, and the security must be property other than the Pound Ridge Home. Id., at 90, 105-106.

The defendant has informed the government that he now seeks to be released on a bond signed by his wife and two other sureties, neither of whom are posting property, and to secure the bond with the Pound Ridge Home. This proposed bond directly violates Judge Orenstein's order. As noted above, Judge Orenstein explicitly held that the Pound Ridge home was insufficient and inappropriate collateral to secure the defendant's release.

The defendant failed to timely appeal Judge Orenstein's ruling and there is no basis to revisit Judge Orenstein's findings. See Fed. R. Crim. P. 59(a). Indeed, he defendant's attempt to relitigate the issue of bail is entirely inappropriate, particularly in light of the fact that Judge Orenstein carefully crafted the bail conditions after devoting several hours to the detention hearing. The defendant's application for release under his proposed conditions should therefore be denied.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By: /s/ Daniel Spector
    Daniel A. Spector
    Hilary Jager
    Assistant U.S. Attorneys
    (718) 254-6345/6248

cc: Deirdre Von Dornum, Esq. (by ECF)
    Michael Schneider, Esq.
    Clerk of the Court