

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PKC/DAS/HLJ/AS/DL       *271 Cadman Plaza East*
F.# 2010R00212           *Brooklyn, New York  11201*

December 13, 2010

**BY HAND AND ECF**
Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Joseph Yannai
           Criminal Docket No. 10-594 (ERK)

Dear Judge Azrack:

      The government respectfully submits this letter in connection with the status conference in the above-captioned case, currently scheduled for Tuesday, December 14, 2010 at 10:15 a.m.  By way of background, on August 11, 2010, the Honorable James Orenstein set the defendant's bail at $500,000, on the condition that the bond be signed by a surety who would secure the bond with property having equity in the amount of $500,000.  Judge Orenstein further ordered that the surety must be someone other than the defendant's wife, and the security must be property other than the home where the defendant and his wife resided ("the Pound Ridge Home").  On September 27, 2010, the defendant filed an application to modify Judge Orenstein's order to permit the Pound Ridge Home to secure the bond.  This Court denied the defendant's application.

      On October 21, 2010, the defendant requested that Judge Korman modify the conditions of release to permit the bond to be secured by the Pound Ridge Home.  Although the Pound Ridge Home is in foreclosure, the defendant claimed that his wife had purposefully defaulted on her mortgage payments so that she could obtain a loan modification.  Judge Korman remanded the matter to this Court for a determination on two issues: first, to determine why the Pound Ridge Home is in foreclosure and the mortgage is in default; and second, to obtain an accurate assessment of what

Page 2

equity is available in the Pound Ridge Home.  <u>See</u> Transcript of Proceedings, October 21, 2010 (attached hereto as Exhibit 1), at 16.

Attorneys for One West Bank ("One West"), lender of the primary mortgage on the Pound Ridge Home, have informed the government that the defendant's wife's application for a loan modification was denied in July 2010.  The defendant's wife reapplied in October 2010, however One West denied this second loan modification today.[1/]  It therefore appears highly likely that the Pound Ridge Home will be foreclosed upon and sold by the bank.

According to attorneys for One West, the current outstanding balance on the mortgage is $630,000.  In addition, there is a $30,000 tax lien on the Pound Ridge Home, and attorneys for One West anticipate final attorneys' fees of approximately $6,000 after foreclosure.  Moreover, as the government noted previously, there is a $40,000 second mortgage on the Pound Ridge Home.  Therefore, the total amount owed by the defendant's wife will be approximately $706,000.

As noted in its October 20, 2010 submission, the government conducted a recent appraisal of the Pound Ridge Home, which yielded a fair market value of $750,000, while the defendant's appraisal valued the Pound Ridge Home at $920,000.  Neither estimate, however, represents a realistic assessment of the likely sale price of the Pound Ridge Home at foreclosure.  Instead, attorneys for One West Bank have informed the government that homes sold in foreclosure sales generally command prices significantly below market value.

Thus, assuming that the true market value is $835,000 (the average of the two appraisals) and further assuming that the Pound Ridge Home is sold significantly below market value at a

---

[1]     According to attorneys for One West, the bank erroneously sent a letter to the defendant's wife on December 3, 2010 informing her that One West had granted the defendant's wife's request for a loan modification.  This error was the result of One West miscalculating the defendant's wife's income.  On Friday, December 10, 2010, One West realized the error, and attorneys for One West have informed the government that One West will send a correction letter to the defendant's wife tomorrow, rescinding the modification offer.

foreclosure sale, there will likely be little if any equity remaining to secure a bond, and certainly nowhere near the $500,000 bond set by Judge Orenstein.

                                Respectfully Submitted,

                                LORETTA E. LYNCH
                                United States Attorney
                                Eastern District of New York

                     By:   <u>/s/Daniel Spector</u>
                                Daniel Spector
                                Hilary Jager
                                Duncan Levin
                                Assistant U.S. Attorneys

                                Audrey Stone
                                Special Assistant U.S. Attorney


cc: Michael Schneider, Esq.
    Deirdre Von Dornum, Esq.
    Hon. Edward R. Korman