

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

PKC:DAS
F.#2010R00212

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 4, 2011

**BY HAND AND ECF**
Heidi Cesare, Esq.
Michael Schneider, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

  Re:  United States v. Joseph Yannai
     Criminal Docket No. 10-594 (S-1)(ERK)

Dear Ms. Cesare and Mr. Schneider:

  As you are aware, the government has provided extensive pretrial disclosures in this case, including witness statements from three victims, far beyond that required under the law. Notwithstanding the government's broad disclosures in this case, on April 27, 2011, you filed a letter requesting certain materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  In making this response, the government does not concede that any such material falls within the framework of Brady.  The government addresses the requests in the order in which they were made:

  Request 1:  The government will provide all reports of the Pound Ridge police department pursuant to its disclosures pursuant to 18 U.S.C. § 3500 ("the Jencks Material") on or before May 16, 2011.

  Request 2:  The government has already provided you with documents relating to the March 31, 2009 meeting, including Bates number YAN-8816-8817.  The government does not have any reports from Helen Boylan in its possession.

  Request 3:  The government has previously provided all documents related to G.L., other than notes relating to recent meetings between the government and G.L.  These notes will be provided as Jencks Material on or before May 16, 2011.

<u>Requests 4, 5, and 6</u>: As noted by Judge Orenstein during the recent status conference, even assuming, <u>arguendo</u>, that any of the eight victims the government has identified as trial witnesses, or any other women, performed some computer work and/or sex acts voluntarily, witness statements describing such "consensual" activities does not fall within the framework of <u>Brady</u>. <u>See</u> <u>e.g.</u>, <u>United States v. Williams</u>, 205 F.3d 23 (2d Cir. 2000) (in drug trial involving importation of narcotics from Jamaica, evidence that the defendant traveled to Jamaica on two prior occasions and did not import narcotics was properly excluded as legally irrelevant); <u>United States v. Scarpa</u>, 897 F.2d 63 (2d Cir. 1990) ("[a] defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions."). In any event, the Jencks Material which the government will provide on May 16, 2011 will include reports of interviews of additional victims who worked at Yannai's residence, but whom the government does not anticipate calling as witnesses at the trial.

<u>Request 7</u>: This information will be provided as Jencks Act Material on or before May 16, 2011.

<u>Request 8</u>: Law enforcement authorities never seized any computer belonging to B.H. Although law enforcement authorities initially seized a laptop computer belonging to I.K. during the search of the defendant's home, law enforcement authorities returned this computer to I.K. without conducting any search of its contents.

<u>Request 9</u>: To the extent that the Westchester County District Attorney's Office has retained copies of these documents, they will be provided as Jencks Act Material on or before May 16, 2011.

Very truly yours,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:  <u>/s/Daniel Spector</u>
Daniel A. Spector
Hilary L. Jager
Assistant U.S. Attorneys
(718)254-6345/6248

Audrey Stone
Special Assistant U.S. Attorney

cc:  Clerk of the Court (ERK)

2