GEORGIA J. HINDE
ATTORNEY AT LAW
1133 BROADWAY
SUITE 304
NEW YORK, NEW YORK 10010

(212) 727-2717
TELEFAX: (212) 727-2627

April 9, 2012

Courtesy Copy (Original Filed Electronically)
Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Joseph Yannai, Docket No. 10-CR-594 (ERK)

Dear Judge Korman:

     This afternoon, I received the government's letter request for three subpoenas seeking the defendant Joseph Yannai's medical records from the Northern Westchester Hospital in August 2010, the White Plains Hospital in June 2011, and from Dr. Jeffrey Shapiro, Mr. Yannai's treating physician. The ECF filing did not, however, attach copies of the government's proposed subpoenas.

     In response to the government's request, I respectfully remind the Court that the government reportedly obtained some 80 pages of medical records from the Northern Westchester Hospital in Mount Kisco in August 2010, the content of which became an issue when some of these records were also publically released during pretrial proceedings (see Doc. No. 32, 10/8/10 Tr. 26-36). Insofar as the government has already obtained a complete copy of these hospital records, we question the need for another subpoena to produce these same records yet again.

     Second, while we submitted a declaration from Mr. Yannai's treating physician, that declaration was largely based on the physician's review and interpretation of the medical records from Mr. Yannai's hospitalization in August 2010 and June 2011, and provided only general medical background relating to the doctor's own treatment of Mr. Yannai over an eleven-year period, as well as a brief description of Mr. Yannai's office visits and ailments in March 2011. Since the only medical records relating to the issue raised in Mr. Yannai's new trial motion are those regarding Mr. Yannai's June 2011 hospitalization (copies of which we have already produced as part of Exhibit A to our motion), however, we respectfully object to allowing the government's wholesale discovery of any of Mr. Yannai's other medical records maintained by his private physician,[1] who did not treat Mr. Yannai during or since his June 2011 hospitalization.

---

     [1]    Notably, the government itself previously recognized that going to a "defendant's private doctor to try to intrude upon his medical records" is not a type of discovery that HIPAA permits (10/8/10 Tr. 29).

Hon. Edward R. Korman          -2-                    April 9, 2012

    Third, with respect to Mr. Yannai's White Plains Hospital records from June 2011, we have produced all relevant records that were obtained by Mr. Yannai's former counsel as part of Exhibit A to our new trial motion (along with other records from Mr. Yannai's August 2010 hospitalization which the government already possesses). The government's concern that the documents contained in this exhibit are either "incomplete or otherwise misleading" (Gov. Let. 1) is therefore just as misplaced and unsupported as would be a defendant's speculative assertion that the government may not have disclosed <u>Brady</u> or <u>Giglio</u> materials in its possession. Nevertheless, if the Court believes that disclosure of some limited part of Mr. Yannai's hospital records from June 2011 is now warranted (and again, as we have not seen the proposed subpoena, we are not sure what records the government has requested or whether it has already made a limited request), we ask that, with any subpoena that the Court may authorize, the Court also, pursuant to 45 CFR § 164.512(e), limit the types of documents that are to be disclosed and further issue a protective order limiting the government's use and disclosure of these sensitive medical records, which we have filed under seal in order to protect Mr. Yannai's statutorily protected privacy rights. We also request that the Court order the government to provide the defense with a copy of all documents disclosed pursuant to any limited subpoena.

    Finally, we disagree with the government's assertion that, by seeking a new trial, Mr. Yannai has waived the protections afforded by HIPAA and state regulations. Just as a plaintiff does not waive all aspects of these protections by filing a lawsuit seeking damages, <u>see Holman v. Rasak</u>, 281 Mich. App. 507, 510 (Mich. App. 2008)(citing 45 CFR §§ 164.508, 164.510), Mr. Yannai has not waived his right to the protections of HIPAA by providing the Court with a medical explanation and records that show substantial reasons why a new trial should be granted.

    If there is any additional issue that would assist the Court's determination of the government's pending request, we will be happy to address it in a supplement to this letter.

                                            Very truly yours,

                                            /s/

                                            Georgia J. Hinde

cc:   Daniel A. Spector, Esq. (by ECF)
       Assistant U.S. Attorney

       Mr. Joseph Yannai