**GEORGIA J. HINDE**
ATTORNEY AT LAW
1133 BROADWAY
SUITE 304
NEW YORK, NEW YORK 10010
———
(212) 727-2717
TELEFAX: (212) 727-2627

April 10, 2012

<u>Courtesy Copy (Original Filed Electronically)</u>
Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Joseph Yannai, Docket No. 10-CR-594 (ERK)

Dear Judge Korman:

     The government today provided me with copies of the subpoenas that have been submitted for the Court's approval. We renew our objections to each subpoena as stated in our letter dated April 9, 2012.

     Further, now that we have seen that each subpoena is broadly cast to demand "any and all records" relating to Mr. Yannai's treatment during specified periods, and is particularly invasive insofar as it demands copies of "any and all psychological and psychiatric reports and analysis", we ask that, to the extent that the Court is inclined to authorize the disclosure of any such privileged and sensitive medical records, the government should first particularize and narrow its request for disclosure to seek only those documents that may be responsive to specified issues, and not seek "any and all" records of any sort without some objective limitation.

     We again expect that we have already produced all such records in the exhibit to our new trial motion, based on the medical records that we have received from former counsel, many of which contained no information pertinent to Mr. Yannai's motion. To assure that we are all dealing with the same documents, however, we request that, if the Court does authorize any of the government's subpoenas, the Court also direct the government to provide to the defense a copy of the records so obtained. Other than also providing copies of relevant medical records to the Court, for filing under seal, we finally ask that the Court issue a protective order prohibiting any other use or disclosure of these records for any other purpose.

     Also, the proposed subpoenas set April 25, 2012, as the outside date for the production of the documents the government seeks. Mr. Yannai is, of course, anxious for the Court to consider and decide his new trial motion, submitted four weeks ago today, which also asks for his release on bail, in part so that he can obtain necessary medical care as well as a new trial. If the Court grants the government's request for any subpoena, therefore, we request that the subpoena set an earlier response date, and that the government be required to

Hon. Edward R. Korman        -2-        April 10, 2012

indicate in advance a reasonable date when it will respond to Mr. Yannai's motion. If no subpoena is authorized, we also request that the government set a reasonable date for filing its response now.

    In either event, and in the interests of reassuring the government that it already has all medical records that are relevant to Mr. Yannai's new trial motion, I will request Mr. Yannai's authorization to release the remaining documents from his June 2011 hospitalization that are in my files (subject to the same sort of protective order limiting the use and disclosure of these records that I have requested above).[1] Alternatively, if the government is willing to consent to conditions for Mr. Yannai's immediate release on bail, and if the Court grants Mr. Yannai's release on those conditions, we will have no objection to whatever briefing schedule the government may propose.

    If there are other specific issues that the Court wishes me to address, I will be happy to do so.

                                    Very truly yours,

                                    /s/

                                  Georgia J. Hinde

cc:  Daniel A. Spector, Esq. (by ECF)
     Assistant U.S. Attorney

     Mr. Joseph Yannai

---

[1] Again, as discussed in our letter dated April 9, 2012, the government previously subpoenaed (see Doc. No. 26) and already possesses the same documents from the Northern Westchester Hospital that I have in my files, so there should be no need to reproduce them. Also, I do not possess any records relating to Mr. Yannai's treatment by his private physician.