

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

PKC:DAS/HLJ            *271 Cadman Plaza East*
F.#2010R00212           *Brooklyn, New York 11201*

June 7, 2012

By ECF and HAND DELIVERY

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:   United States v. Joseph Yannai
                  Criminal Docket No. 10-594 (S-1)(ERK)

Dear Judge Korman:

       The government submits this letter to respectfully request the Court's authorization (1) to interview Dr. Ira Lazar and Dr. Angela Liu of White Plains Hospital regarding the defendant's June 1, 2011 hospitalization and their diagnoses; and (2) to share the defendant's medical records, which were obtained via court ordered subpoena and are subject to a protective order, with a medical doctor or toxicologist whom the government will retain as an expert in this case; and (3) to extend by two weeks the deadline for the government's response to the defendant's motion for a new trial.

I.   Procedural History

       On March 13, 2012, the defendant filed a motion for a new trial pursuant to Fed. R. Crim. P. 33. See Docket Entry No. 172. On March 27, 2012, the Court ordered the government to respond to the motion. On April 20, 2012, Magistrate Judge James Orenstein granted the government's request for the execution of subpoenas seeking medical records, which are necessary to complete the government's response, and the defendant's request for a protective order for those records. See Docket Entry No. 20 at 2 ("The government is entitled to adversarial testing of the evidence on which Yannai relies. Because that evidence includes the hospitalization records, the government should have access similar to Yannai's to examine those records. . . ."). Accordingly, the subpoenas were served and copies of the results were made available to the defendant on May 10, 2012. On April 27, 2012, the Court's deputy indicated that the government should

file its response on or before June 8, 2012.  On May 18, 2012, the Court granted the government's request for a one-week extension of time until June 15, 2012, to file the response.

II.     The Defendant's Motion for a New Trial

The defendant filed a motion for a new trial arguing that the Court erroneously concluded that the defendant purposefully absented himself from his trial and that consequently, he was denied his constitutional right to be present at all stages of his trial.  In connection with his motion, the defendant filed an affidavit of his personal physician, Dr. Jeffrey Shapiro.

As the Court may recall, on June 1, 2011, the morning the Court was scheduled to charge the jury at the defendant's trial, the defendant did not appear.  The Court was informed that the defendant had been hospitalized after he was found unresponsive in his car at a gas station.  Trial Transcript ("Tr.") 1165.  After speaking with Dr. Ira Lazar and Dr. Angela Liu, two of the treating physicians at White Plains Hospital where the defendant was being treated, the Court found that the defendant had voluntarily absented himself from the trial and therefore decided to move forward with the trial despite the defendant's absence.   Tr. 1191-95.

A central tenet of the defendant's motion for new trial is his claim that Dr. Lazar's conclusion was "unqualified, unsupported, and unscientific," Def.'s R. 33 Mot.  ¶ 52.  In this regard, the defendant attacks the hospital physicians' conclusions that the defendant's condition was caused by an intentional drug overdose, and instead claims that he suffered from a combination of "lingering half-life effects" of regular valium use, combined with "accidental carbon monoxide poisoning."

III.    Relief Requested

In order to sufficiently refute the defendant's assertions, interviews of the treating physicians are necessary to obtain an accurate understanding of the physicians' medical conclusions and the basis for those conclusions.  Although the court-ordered subpoenas arguably permit the government interview the physicians, in an abundance of caution, the government seeks the Court's permission to undertake these interviews.

Moreover, because the defendant's claims are based upon purported medical expertise from the defendant's personal physician, the government seeks to obtain a medical opinion on

the matters at issue from another doctor or toxicologist who can assist the government in understanding the medical issues presented. In light of the protective order for the subpoenaed records, the government seeks the Court's authorization to disclose these records for the limited purpose of sharing them with this doctor.

Finally, in order to allow sufficient time for the expert to analyze the medical records and formulate a comprehensive response to the defendant's claims, the government respectfully seeks a two-week extension of time to file its response, until Friday, June 29, 2012. This short period of additional time is necessary to provide the Court with a complete and fulsome response to the defendant's claims, which, notably, were not raised with the Court until over nine months after his conviction. Counsel for the defendant objects to all requests set forth herein.

        Respectfully submitted,

        LORETTA E. LYNCH
        UNITED STATES ATTORNEY

By: ____/s/_____
    Daniel A. Spector
    Hilary L. Jager
    Assistant U.S. Attorneys
    (718)254-6345/6248

    Audrey Stone
    Special Assistant U.S. Attorney

Enclosures
cc: Clerk of the Court (ERK) (w/o enclosures)
    Georgia J. Hinde, Esq. (By ECF)