**GEORGIA J. HINDE**
ATTORNEY AT LAW
1133 BROADWAY
SUITE 304
NEW YORK, NEW YORK 10010

———

(212) 727-2717
TELEFAX: (212) 727-2627

June 7, 2012

<u>Courtesy Copy (Original Filed Electronically)</u>
Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re:  United States v. Joseph Yannai, Docket No. 10-CR-594 (ERK)

Dear Judge Korman:

    On behalf of the defendant Joseph Yannai, I am writing to oppose the government's request for a further extension of time to file its response to Mr. Yannai's motion for a new trial.

    Mr. Yannai's motion was served and filed on March 13, 2012. Almost four weeks later, on April 9, 2012, the government first asked to subpoena Mr. Yannai's medical records. I asked at that time (in my letter dated April 10, 2012) that the government set a reasonable date for filing its response. After counsel expressed his reluctance to set a schedule, we spoke with the Court's deputy on April 27, 2012, to set dates for both the service of and return on the subpoenas (May 11, 2012) and for the government's response (June 8, 2012). The government thereafter provided me with copies of the medical records it received, the bulk of which (from both White Plains Hospital and Northern Westchester Hospital) were certified as of April 30, 2012 (see documents stamped as Bates Nos. 37 and 503), and were presumably delivered to the government soon after. The government forwarded copies of these medical records to me on May 11, 2012, and I received them the following week.

    The government then advised me that they wished to seek additional time to file a response to Mr. Yannai's motion for a new trial, which by that point had already been pending for two months. I advised counsel that I would not oppose a one-week extension of the June 8th deadline, on the express condition that the government would not seek any further extensions. The government accordingly requested a one-week extension and the Court granted that application. The present due date for the government's response is thus June 15, 2012, more than three months since I filed Mr. Yannai's motion – a task I was able to accomplish in three months from the time of my original appointment, without any prior knowledge about this case, nor any co-counsel or staff to assist me. Given the government's familiarity with the case and its many representatives, this period is more than sufficient for the government to produce a thorough response as well.

Honorable Edward R. Korman       -2-                       June 7, 2012

    Nevertheless, counsel for the government has today again requested an additional two-week extension, this time in order to interview doctors at the White Plains Hospital and to retain an expert to interpret Mr. Yannai's medical records, relevant copies of which were produced with Mr. Yannai's new trial motion this past March, and could have been the subject of such interviews or interpretation months ago. With all due respect to other demands on the government's schedule, the decision to pursue these additional lines of investigation reasonably could and should have been made much earlier than a week prior to the government's filing deadline. Even apart from the government's complete disregard of the express condition on which I agreed not to oppose the last request for a one-week extension of time, therefore, I strongly oppose this additional request and ask that the Court instead direct the government to respond by the present June 15th deadline. I have, moreover, already adjusted other demands on my own schedule in order to be able to promptly reply to the government's response before the end of June.

    Alternatively, as I indicated in my letter dated April 10, 2012, I would not oppose whatever additional time the government requires to respond to the new trial motion if the Court again permitted Mr. Yannai's release on reasonable conditions of bail, as permitted under 18 U.S.C. § 3143(a)(2), based on the substantial grounds for a new trial contained in his pending motion. Those grounds also support a conclusion that Mr. Yannai's absence during the final days of his trial, when he was unconscious and hospitalized, was neither voluntary nor an intentional violation of the conditions of his bail, but an inadvertent result of medication he had been taking in order to participate fully in his own defense.

    Finally, to the extent that the government seeks to disclose to an expert copies of medical records that are subject to the protective order issued by Magistrate Judge Orenstein on April 20, 2012, we request that the Court require the government to first obtain any expert's written non-disclosure agreement that he or she will be similarly bound by the existing protective order.

                                       Very truly yours,

                                       /s/

                                   Georgia J. Hinde

cc:   Daniel A. Spector, Esq. (by ECF)
       Hilary L. Jager, Esq. (by ECF)
       Assistant U.S. Attorneys

       Mr. Joseph Yannai