

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS/AES                              *271 Cadman Plaza East*
F. #2010R00212                       *Brooklyn, New York 11201*

September 12, 2013

**BY ECF**
Honorable Edward R. Korman
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Joseph Yannai
            10 CR 594 (ERK)(S-1)

Dear Judge Korman:

      The government respectfully submits this letter to briefly address three issues raised by the defendant's sentencing reply brief: (1) the law in the Second Circuit regarding sentencing procedures; (2) the relevance of the jury's verdict to sentencing fact-finding; and (3) the defendant's medical records.  Sentencing in the above-captioned case is scheduled for Friday, September 20, 2013 at 2:30 p.m.

I.      Second Circuit Law on Sentencing

      Much of the defendant's reply submission is devoted to an attempt to vastly limit the scope of the information to be considered by the Court at sentencing.  The core principal propounded by the defense, that "sentencing judges wear blinders, confining the matters considered to the evidence supporting the crimes of conviction" has been explicitly rejected by the Second Circuit as "wrong as a matter of law" and a "view of sentencing [that] has no place in our jurisprudence." United States v. Broxmeyer, 699 F.3d 265, 268-69 (2d Cir. 2012).

      In Broxmeyer, as in the instant case, the defendant perpetrated a series of sexual assaults on young women whom the defendant had promised to mentor.  Significantly, in affirming the same 30 year sentence that the government seeks here, the Court of Appeals relied upon the pervasive nature of the defendant's abusive conduct, the extensive suffering of the

victims and the fact that the defendant "showed no remorse and blamed his victims" – all factors amply presented in Yannai's case. In so holding, the Court in Broxmeyer relied specifically on the "broad range of information that the district court was entitled to consider" far beyond the evidence establishing the crimes of conviction. Id., at 269. Yannai's attempt to circumvent well-established Second Circuit law in this regard should be rejected.

II. The Jury Verdict and the Sentencing Guidelines

Yannai next attempts to limit his sentencing exposure by mischaracterizing both the nature of the jury's verdict and the legal significance of that verdict for sentencing purposes. As an initial matter, it should be noted that the jury convicted Yannai on every count for which he was charged. Moreover, the jury made specific findings that Yannai committed each crime as to each victim.[1] Yet Yannai seeks to distort this overwhelming finding of guilt into a "rejection" of the victims' claims, based on the jury's findings with respect to Count One, charging a violation of the Mann Act, 18 U.S.C. § 2422(a). For that count, the jury verdict form posed two questions as to each victim: (1) did Yannai induce the victim to travel to the United States so that he could commit the crime of sexual abuse in the third degree as defined under New York law? ("Question One"); and (2) did Yannai induce the victim to travel to the United States so that he could commit the crime of criminal sexual act in the first degree as defined under New York law? ("Question Two"). See Transcript of Trial, 1351-53.

Yannai argues that because the jury answered "yes" only as to Question One, while leaving Question Two unanswered, the jury's verdict reflects a conclusion that Yannai did not commit the crime encompassed in Question Two. As the verdict form specifically directed the jury that they need only answer "yes" to one of the questions in order to return a verdict of guilty on Count One, it is unsurprising that the jury declined to devote additional time and resources to resolving Question Two. Moreover, the question posed to the jury is fundamentally different from the Guidelines analysis. Whereas the issue before the jury in Question Two related to Yannai's state of

---

[1] As previously noted, Count Four charged fraud in labor contracting, in violation of 18 U.S.C. § 1351. Because this statute was enacted in 2009, it was applicable only to victim B.H.

2

mind at the time he contacted his victims to induce them to work for him under false pretenses, the question for sentencing purposes is whether Yannai engaged in conduct defined as "sexual abuse" under U.S.S.G. § 2A3.1. In this context, the Court need only look to Yannai's actual conduct, without undertaking the more abstract analysis of his intent prior to even meeting the victims. The jury's failure to answer Question Two therefore has little bearing on the Guidelines analysis.

Indeed, there are only two relevant legal questions for purposes of the Guidelines determination, both of which Yannai has conceded. First, Yannai concedes that acquitted conduct, and other conduct outside the scope of the jury's verdict, may be considered as relevant conduct for purposes of the Sentencing Guidelines. Yannai Sentencing Reply Brief, at 23-24, n. 7. Second, Yannai concedes that the evidence presented at trial regarding his assaults of N.Y. and B.H. constitutes "sexual abuse" under the Sentencing Guidelines. Id., at 21.

Thus, Yannai's argument against the application of the "sexual abuse" cross-reference relies entirely on a factual attack upon the victims' credibility. In this regard, Yannai attempts to retry the case by repeating the same strained arguments rejected by the jury. Indeed, if the jury had accepted Yannai's arguments that the victims were motivated by financial gain, freely entered into sexual relationships with Yannai and felt free to leave his home at anytime, the jury would not have convicted Yannai of every charge. Yannai's conviction reflects the jury's acceptance of each victim's testimony and the rejection of Yannai's theory of defense. With this backdrop of the jury's finding crediting each victim beyond a reasonable doubt, the Court should have little difficulty in making a similar finding as to the sexual abuse of N.Y. and B.H. under the lower standard of preponderance of the evidence.

III. <u>Yannai's Medical Condition</u>

[This portion filed under seal]

        LORETTA E. LYNCH
        United States Attorney

By: <u>/s/Daniel Spector</u>
     Daniel A. Spector
     Hilary Jager
     Assistant U.S. Attorney
     (718) 254-6345

     Audrey Stone
     Spec. Assistant U.S. Attorney

Enclosures

cc: Neil Checkman, Esq.
    Georgie Hinde, Esq.