111 Broadway, Suite 1305
New York, NY 10006
212.264.9940
Fax 212.346.4665
neil@checkmanlaw.com
www.checkmanlaw.com

LAW OFFICES OF NEIL B. CHECKMAN

September 18, 2013

Hon. Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
**By Regular Mail and ECF**

Re: **United States v. Joseph Yannai,**
**10 Cr. 594 (ERK)**

Dear Judge Korman:

      I write in brief response to the Government's letter dated September 12, 2013 ("Gov. Let."), replying to the defendant's reply memorandum in support of a reasonable sentence.

      First, the Government asserts that defense sentencing arguments should be dismissed because we have attempted to "vastly limit the scope of the information to be considered by the Court at sentencing" (Gov. Let. 1). That simply is not the case. The guidelines, as well as long respected sentencing principles generally, see, e.g., United States v. Fatico, 579 F.2d 707, 713 (2d Cir. 1978) (due process requires reliability of sentencing evidence to be ensured by cross-examination or other "guarantees of reliability"), have always required sufficient indicia of reliability to support the probable accuracy of all sentencing information a sentencing court considers, particularly when disputed. U.S.S.G. §6A1.3(a). Our point was thus, not to impose "blinders" to trustworthy information,[1] but to illuminate the reasons why accusations on which

---

[1]     The Government inaptly relies on United States v. Broxmeyer, 699 F. 3d 265 (2d Cir. 2012), both for its unfounded assertion that the defense seeks to impose "blinders" on this Court's consideration of a broad range of sentencing factors – which we emphatically do not – and as a supposedly analogous case in which the Court of Appeals upheld a 30-year sentence as substantively reasonable (Gov. Let. 1-2). Broxmeyer is, however, no model for an appropriate sentence in this case, not only because the offenses of conviction alone (eliciting pornographic photographs of teenage girls) carried a statutory minimum term of fifteen years and a guideline

(continued...)

Hon. Edward R. Korman
September18, 2013
Page 2

the Government has asked this Court to rely are just too unreliable, uncorroborated, and easily fabricated to be considered at sentencing, just as the jury already concluded.

Next, to avoid the plain meaning of the jury's verdict – that the jury did not credit the testimony of any witness about alleged sexual acts – the Government asserts that we have "mischaracterized" the significance of the special verdict. According to the Government, the jury only had to find one of the charged underlying crimes, so its failure to find the more serious of the two predicate state offenses did not indicate anything about its view of the witnesses' credibility. Instead, in the Government's strained view, the special verdict merely showed that, once the jury found the lesser offense, it did not bother to go any further to determine whether the defendant also committed or attempted to commit the greater offense involving sexual acts with any witness (Gov. Let. 2-3).

This contorted view of the verdict was <u>not</u> what the Court's jury instructions required. What the Court charged was:

> I instruct you that in order to return a verdict of guilty as to Count One, you need only to find that the defendant intended to commit one of the two state sex crimes: sex abuse in the third degree or criminal sex act in the first degree, as to any one of the five women who testified. **Nonetheless for clarity, you will be asked to indicate your findings on whether the defendant intended to commit each of these state crimes as to each of the five women.** Your finding must be unanimous as to each individual woman.

(Tr. 1221, emphasis supplied).

Thus, the jury was clearly instructed to indicate its findings on <u>both</u> underlying crimes, even though only one was required, and only as to a single witness. Moreover, the jury plainly understood and followed the instructions: it did not stop when it found sexual contact as to one witness, but went on to find that same lesser offense with respect to each witness. The jury's

---

[1](...continued)
range of life (as limited by the combined statutory maxima of forty years), but because of reliable evidence, including forensic corroboration, that the defendant, a coach of adolescent school girls, abused his position of trust in relation to his charges by "actively engaging minors in sexual conduct, for purposes of both photographing it and participating in it", including repeated acts of forcible rape and sodomy. <u>Id.</u> at 274, 289-91. Plainly, the offense conduct and evidence were in entirely different categories compared to what the government charged and, in significant respects, failed to prove against Mr. Yannai.

Hon. Edward R. Korman
September 18, 2013
Page 3

verdict was thus no different than a RICO verdict based on multiple predicate acts, even though only two are required to support a conviction. Because the law presumes that juries follow their instructions, Richardson v. Marsh, 481 U.S. 200, 211 (1987), and because the jury's other findings showed no reason why that presumption should not apply here, we have accurately characterized the verdict as demonstrating that the jury did not find sufficient reliable evidence of any sexual act with any witness, and again urge this Court to make a similar finding for sentencing purposes.

Further, the Government is in error to assert that we "conceded" that the evidence presented at trial established sexual abuse (Gov. Let. 3). To the contrary, we have urged this Court to agree that the evidence was too unreliable to establish sexual acts or the defendant's use of force, even by a preponderance of the evidence, given the prior inconsistent statements of witnesses N.Y. and B.H. and their admitted financial motivations for testifying against the defendant, among other indicia highlighted in our sentencing reply that undermine the reliability of the witnesses' claims.

Finally, the Court should not accept the government speculation that Mr. Yannai is attempting to worsen his medical conditions by declining particular treatments or any other means. We have addressed these arguments before, in our reply sentencing memorandum (at 25-30) and in an earlier letter (July 25, 2013). We respectfully refer the Court to our earlier submissions rather than repeating our response to the government's unfounded claims yet again.

Very truly yours,

Neil B. Checkman

/s/

Georgia J. Hinde


cc: Georgia Hinde, Esq. (By e-mail)

Mr. Joseph Yannai (By regular mail)

A.U.S.A. Daniel Spector (By e-mail and regular mail)
A.U.S.A. Hilary Jager (By e-mail and regular mail)
S.A.U.S.A. Audrey Stone (By e-mail and regular mail