AO 245B  (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JOSEPH YANNAI | Case Number: CR-10-594 |
| | USM Number: 78396-053 |
| | GEORGIA HINDE / NEIL CHECKMAN |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   1-7 OF SPSDG INDICTMENT
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2422 | VIOLATION OF MANN ACT | 3/2009 | 1 |
| 18:1589 | ATTEMPTED FORCED LABOR | 3/2009 | 2 |
| 18:1589 | FORCED LABOR | 3/2009 | 3 |
| 18:1351 | FRAUD IN FOREIGN LABOR | 3/2009 | 4 |
| 8:1328 | IMPORTATION OF ALIENS FOR IMMORAL PURPOSES | 3/2009 | 5 |
| 8:1324 | INDUCEMENT OF AN ALIEN ILLEGALLY ENTER... | 3/2009 | 6 |

The defendant is sentenced as provided in pages 2 through   4   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   RMG   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/23/2013
Date of Imposition of Judgment

*S/Edward R. Korman*
Signature of Judge

EDWARD R. KORMAN, USDJ
Name and Title of Judge

*10/31/2013*
Date

DEFENDANT: JOSEPH YANNAI
CASE NUMBER: CR-10-594

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8:1324 | UNLAWFUL EMPLOYMENT OF ALIENS | 3/2009 | 7 |

Judgment — Page  2  of  4

DEFENDANT: JOSEPH YANNAI
CASE NUMBER: CR-10-594

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

132 MONTHS ON COUNTS 1-3; 5 YEARS ON COUNTS 4 AND 6; 10 YEARS ON COUNT 5; 6 MONTHS ON COUNT 7. ALL COUNTS TO RUN CONCURRENT WITH EACH OTHER FOR A TOTAL OF 132 MONTHS.

X  The court makes the following recommendations to the Bureau of Prisons:
   THE COURT RECOMMENDS INCARCERATION AT FCI OTISVILLE.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSEPH YANNAI                                          Judgment—Page  3  of  4
CASE NUMBER: CR-10-594

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE YEARS, CONDITIONS:

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      JOSEPH YANNAI
CASE NUMBER:    CR-10-594

Judgment—Page   3A   of   4

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall cooperate with the U.S. Probation Department's Computer and Internet Monitoring Program. Cooperation shall include, but not be limited to, identifying computer systems, Internet-capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet-capable device, to facilitate our department's ability to effectively monitor his or her Internet-related activities. The defendant shall also permit random examinations of said computer systems, Internet-capable devices, and similar electronic devices, and related computer peripherals, such as CDs, under his or her control;
The defendant shall submit his or her computer system, electronic data storage device, computer data storage media, or any other electronic equipment capable of storing, retrieving, and/or accessing data or necessary to assist in the accessing of said electronic data under his or her control to random examinations by the U.S. Probation Department. Failure to submit said systems, devices, etc. to an examination may be grounds for revocation. The defendant shall inform any other users that said systems, devices, etc. may be subject to examination pursuant to this condition;

The defendant shall have no direct or indirect contact with the victims in this case. This means the deft shall not attempt to meet in person, communicate by letter, telephone, or through any other means not specified herein without the knowledge and permission of the Probation Dept.

That deft shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the Probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found; the search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocation; the deft shall inform any other residents that the premises may be subject to search pursuant to this condition.

the deft shall comply with the sex offender registration requirements mandated by law.

DEFENDANT: JOSEPH YANNAI
CASE NUMBER: CR-10-594

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 610 | $ | $ 6,762.25 @ 10%NET |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.